

2018 NOV 29 A II: 21

United States District Court, **COMPLAINT**     NOVEMBER 18, 2018

Peter Macdonald V. Town of lee NH, Judge Tina Nadeau, and Judge Mark Howard

Complaint against Strafford County Superior Court (SCSC), Chief Justice Tina Nadeau, Judge Mark Howard and the Town of Lee NH (TOL)

    **NOW COMES:** Peter Macdonald Pro/Se because in over the 100 law firms interviewed not one would take the case with out large sum of cash money down. My family or the Veteran Resort-Chapel cannot afford the cost so as Pro/Se I represent my self (as a 100% mentally and physically disabled from Combat Missions U.S. Marine)(under the American with Disabilities Act) (requesting jury trial if summery judgment in Peter Macdonald's favor not granted) and so tell that Judge Mark Howard (H), Judge Nadeau (N) and the Town of Lee (TOL) did in what appears "Conspire" to use the U.S. Constitution and Laws of the United States of America wrongfully but intentionally to discriminate against the religious beliefs (practice) and church of Peter Macdonald WITH MALICE AND FORE SIGHT As Follows:

1. That case # 219-2016-CV-00455 was/is a separate zoning board of adjustment case in the TOL where Peter Macdonald applied to the board to build and run a church on said property 101 Stepping Stone Rd Lee NH. (Land zoned for a church) The Lee ZBA ruled that we were not a church so we were denied a building permit. The ZBA was presented uncontested facts that the Deed to the property (donate) had a clause in it that stipulated the property could be used only for the Religious practice of U.S. Armed Forces Veterans and their family and friends. The VRC church has a long history started in 1980 as recorded in the Strafford County Deed of Record Book 1141 page 631. "That the Book of Peter" original first edition written in 1980 and used and up dated to the present day is literature specifically for our religion. The VRC has active church on the property. The VRC has a five-member board of directors. The VRC has eight church elders. The VRC has five ordained Ministers. The VRC has schools for Ministers, new members and children. The VRC has a religious belief in (God) Supreme Being that we pray and follow but all other religion is welcome in our church but to be a member of our congregation they must believe the religious practice of the VRC. The Lee ZBA was present the facts that the VRC meets all the criteria set by the Court, IRS and Federal Government to be a church and is a registered church with the Federal and State government as a church plus the NH Better business bureau and Secretary of State. Any and all other individuals that want to have a church on land our church owns and is legally zoned to have a church on, would be allowed. The Act of discrimination in this

2

case is highlighted by the fact the TOL presented no evidence against our religion or church and the ZBA still ruled were not a religion or church

Religious Land Use Institutionalized Persons act was written to stop small towns from using Zoning to keep religious practice the town does not want in there town out. The U.S. Constitution Article I Freedom of religion, of speech, of the press and right of petition-"Congress shall-make no law respecting and establishment of religion, or prohibiting the free exercise there of". The TOL is using zoning to keep a long-standing active church established in 1980 out of Lee NH in violation of RLUIPA and Article 1 U.S. Constitution. Homeless Combat Veterans are disabled and Peter Macdonald the person the TOL is persecuting is/are disabled and under the American With Disabilities Act the TOL is using said disabilities to take advantage of and/or keep people with (Combat veterans) this type of disability out of Lee NH either way the act contradicts the U.S. Constitution RLUIPA and Americans With Disabilities Act and is Discrimination and cannot be tolerated.

2. That Judge Howard allowed the TOL to attach case 219-2014-CV-00220 to case 0455 so under the Stipulation Agreement the court could excessively fine the VRC and Peter Macdonald $93 Thousand Plus dollars. Case 00220 is a closed case and Paragraph 15 of the Stipulation agreement allows the VRC to ask the Lee ZBA to allow our church to be accepted by the Lee NH town. This allowed Judge Howard to rule the VRC is not a church and that the solo chapels where (combat veterans suffering PTSD can pray alone with out innocent people doing innocent actions that inflame the combat Veterans PTSD disability) were being used by people of different faiths. The mission form God is our church help homeless Combat Veterans find their way with Gods help. The Solo Chapels are Religious out building there for exempt from town control. To allow judge (H) to subvert the law (to please what appears to be his boss chief Superior Court Justice Nadeau) (as will be shown in future Paragraphs) in defiance of our laws Constitution and the very meaning the United States of America was created cannot be tolerated.

3. The Violations of the Law and Constitution of the United States of America did not make since until Chief Justice of NH Superior Court (N) issued a Writ of Execution against the VRC for the TOL. Judge N is senior in rank to Judge H and it would appear that Judge H wanted not to cross his superior so he made the case favor Judge N's wish. Judge N is a resident of Lee NH and is aware that the TOL does not want homeless combat veterans to have a church in Lee NH as this is contained in court documents (ignored by Judge H). A conflict of interest appears in this case in that Judge N is not only a resident (making decisions that favor as it appears her and the TOL selectmen, direction) but Peter Macdonald has know Judge N since she was a child and N knows that her father( Joe Nadeau NH Supreme court Justice) in his years as attorney worked with Peter Macdonald through and with Kerry Forbes development. Judge N signed a Writ of Execution knowing how to spell Peter Macdonald but spelled it wrong (making the writ of Execution in valid). Judge N is also fully aware that I am a 100% disabled mentally and physically U.S. Marine from Combat missions because in her presents as a child her father, Kerry and I talked about it. To have two NH Superior court Justices violate the laws and Constitution to take advantage of a disable, Handicapped person using what appears to be (use the victims) disabilities to take advantage cannot be tolerated. Judge N

3

continued to sign more legal papers ignoring the law, conflicts and Constitution in support of the TOL victory in this case at all cost. This act of discrimination cannot be tolerated. To allow two NH Superior Court Justices to diminish our U.S. Constitution in a manner to take advantage of a disabled person (using said disabilities) to violate article 1 of the U.S. constitution to take our Religious Freedom, to violate article IV the illegally seizure of our property (church), VII civil rights (by refusing a jury trial), article VIII excessive fines and punishment (seizure of church and $93 thousand Plus fine), article I Reserved rights of people (denied my right to equal justice), article XIV Citizenship defined Privileges of citizens (deprived rights to life, liberty and property, with out due process of law) Took Minister Peter Macdonald right to practice the religion and supreme Being that I found during and in combat.

4. That Judges N and H knew or should have know that the TOL attorney, judge N continued to spell Peter Macdonald different ways (wrong) on past, present and future court papers and that this mistake of the wrong name was/is exposed by Peter Macdonald to void the court documents and rule that the VRC is a religious practice and church of Peter Macdonald and in titled to all the protections of our U.S. Constitution. Judge H and N refuse to void the wronged documents and continue to take advantage of Peter Macdonald's disabilities by trying to find technical errors in my papers to rule my violations of court rules favor the town of Lee NH victory. The Americans With Disabilities Act is clearly being violated by these two judges but even further the Constitution being violated by these two judges for what appears to be personal reason to support the TOL and keep a church composed of some Homeless combat veterans out of Judge N's community violates our U.S. Constitution in the most destructive manner and cannot be tolerated.

5. That the Peter Macdonald demanded in case 00455 a trial by jury denied by Judge H in violation of article VII of the U.S. constitution.

6. That during the Writ of Execution Auction Peter Macdonald submitted a 23 page written bid and the TOL attorney (auctioneer) refused to accept the bid with out even reading it in what appears to be this bid was over the TOL bid of $20 thousand dollars and would have prevented the TOL from steeling the property for a low bid seriously under the appraised value of the property. Government is here to serve the people not use the trusted power of government to take property from the individual with out property court actions. Judge N and H were and are both aware of the wrongs and refused to stop the auction placing serious mental and physical pain and suffering on Peter Macdonald and the disabled veterans using our church daily. To stop a legal bid on property owned free and clear by the VRC by the VRC creator and board member but allow the TOL and other bidders to freely bid is discrimination and cannot be tolerated.

7. That the large number of bidders on the site was warned by the TOL attorney (Auctioneer) that there is a Revert Clause on the deed so the bid is on what is owed not the property. The high bidder would be required to pay even if they do not get the property. This alone clears the VRC of the Writ of Execution and voids any legal standing the TOL has in this case. Judges N and H are fully aware of this wrong and

4

continue to allow the TOL attorney to represent the high bidder in this. To have any judge to allow any government to represent one resident against another resident in a legal matter cannot be tolerated. Our Constitution clearly makes this action of these two judges a contemptible act against our U.S. Constitution and cannot be tolerated.

8. That Judge Nadeau is fully aware that the property at 101 Stepping Stone Rd in question in this case is zoned for a church to be on because it is located in Judge Nadeau's own town and she is a resident. Judge Howard is aware of this fact because it is in many objections to his decisions and action in this case but Howard continues to ignore the fact of committing discrimination by reinforcing the TOL actions to keep homeless combat veterans out of Judge Nadeau and the TOL community. This is a clear act of discrimination with Malice of fore sight.

9. The TOL in every part of this case was unable and/or refused to bring one fact or piece of evidence to disprove our church was not a church in continuous service since 1980. Judge Howard and Nadeau made decisions against Peter Macdonald with out any evidence to support such a ruling or decision. Peter Macdonald documented with undisputed proof that Peter Macdonald's church (religious belief) completed every requirement any other person would have to meet to be a recognized church. Peter Macdonald's religious practice met and exceeded all Federal and State requirements, Court and IRS requirements and the property in question in this case is zoned for a church and religious practice to be legally used for. To have Two NH Superior Court judges ignore all facts presented in a case and make rulings against a church on no evidence presented against said church in any reasonable persons mind demonstrates a conspiracy to purposely inflict harm by wrongfully using the trusted power of the people by criminal conflict of our U.S. Constitution and this cannot be tolerated.

10. That the Judicial Conduct Committee, NH Governor, NH and Federal Attorney General, DOJ, NH legislature and the NH Supreme Court refused to correct these wrongs meaning Peter Macdonald has exhausted all reasonable civilized manners to stop NH from harming Homeless Combat Veterans by government actions to prohibit the free exercise of Peter Macdonald's religious belief. This is in conflict with U.S. Constitution Article I. Peter Macdonald is a 100% service connected combat mission disabled U.S. Military Veteran that does not have the mental or physical condition but brings this one last hope and prayer that federal court will let a jury hear this case so that what the Men and Women of our U.S. Armed Forces actions are not in VAIN> The Americans With Disabilities Act was written and approved by Congress to stop disabled persons not just Veterans from others using ones disability to dominate and control the disabled.

Where fore: The U.S. Constitution clearly treats/requires U.S. citizens treated equally and requires that our government actions serve the people not master them. In this case the TOL used the court to rule the VRC was not a church to keep Peter Macdonald and his religious beliefs out of their community. Judge Tina Nadeau a resident of Lee NH (and clearly using the power of the court to keep Homeless Combat Veterans out of her town) it appears conspired with the TOL and Judge Howard to do this very criminal act with what appears using (the service connected mentally and physical disabilities

5

received in and during combat missions) Peter Macdonald's disabilities to make wrongful court rulings to favor the victory of the TOL in said case. I am a 100% disabled U.S. Military Veteran that took an oath to protect and defend out Constitution at all cost. I ask this court to accept any and all non-conforming court protocol and requirement that I make as my disabilities seriously limit and hamper my ability complete correctly. When two judges can conspire with the TOL to do such wrongs to any individual to correct these wrongs takes precedence and must be correct at once. There for Peter Macdonald (hopes and prays) asks this court as follows.

a. That the Veteran Resort-Chapel be recognized as a Religious organization (Church) with all the rights and justice our laws and Constitution guarantee all others.
b. That Legal action is taken against these two Judges and the TOL NH. Any Government official (this includes judges) that use the trusted power of the people to diminish any one right or any one individual at any one time must by law be permanently removed (and to never work for the government again) from their position, lose any government help, pension or any support from the government forever.
c. The Strafford County Superior Court should be made to pay the VRC $20 Million Dollars as this court knew of and violated the contract presented in this case from the beginning of the consequences if the TOL took this case to court. The TOL signed this contract by default and it should be honored.
d. That the TOL should be made to pay $20 Million Dollars to the VRC for said default signed contract.
e. That this court if it does not make a summary judgment by the weight of the facts presented in this case that our church is a legal government approved religious practice built on land zoned for a church that the TOL present no evidence against (that the VRC was not a church) or a jury decide the case.
f. That the monetary, physical, mental, punitive and all other damage done to the religious practice of Peter Macdonald (Ordained Minister in 1980 recorded in the Strafford County Deed of Records) and his religious congregation for the share fact that as stated (and not disputed) in court papers that the TOL does not want homeless combat veterans in there town because Lee NH selectmen believe we are all drug addicts and Alcoholic.
g. and any further relief the court deems just.
Respectfully submitted to this court on the 3rd day of December 2018

*Peter Macdonald* (signature)
Peter Macdonald Sgt USMC, Ordained Minister since 1980

C/C Town of Lee NH, 7 Mast Rd Lee NH 03861
Judge Tina Nadeau, Justice and Administration Building 259 County Farm Rd Suit 301 Dover NH 03829
Judge Mark E. Howard. Justice and Administration Building 259 County Farm Rd Suit 301 Dover NH 03829

Peter MAcdonald
465 Packers falls Rd
Lee N.H. 03861
603 659 6217

6

Doc # 0004610   Mar 22, 2013 12:10 PM
Book 4109 Page 0589   Page 1 of 3
Register of Deeds, Strafford County

C/H
L-CHIP
STA062876

# WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS, that we, **Peter Macdonald and Agnes S. Macdonald**, husband and wife, of 465 Packers Falls Road, Lee, New Hampshire 03861, for consideration paid, grant to **Veteran Resort-Chapel**, a New Hampshire non-profit corporation, with a principal office located at 101 Steppingstone Road, Lee, New Hampshire 03861, with WARRANTY COVENANTS, the following described premises:

A certain tract or parcel of land, with any improvements thereon, located on the southerly side of Steppingstone Road in Lee, Strafford County, and State of New Hampshire, and shown as Lot #2 on plan entitled "Subdivision Plan, Douglas & Pamela Worthen, Steppingstone Road, Lee, New Hampshire" dated May 24, 2001, as revised, drawn by TriTech Engineering Corporation, approved by the Lee Planning Board on December 19, 2001, recorded at the Strafford County Registry of Deeds as Plan #64-32, more particularly bounded and described as follows:

Beginning at a drill hole set in a stone wall on the southerly side of Steppingstone Road, said point marking the northeasterly corner of the within described lot; then running S 20° 56' 57" W a distance of seven hundred forty-four and seventy-nine hundredths (744.79') feet, more or less, along Lot #1 as shown on said plan to a point; then turning and running S 10° 29' 28" E a distance of two hundred sixty-six and twenty-eight hundredths (266.28') feet, more or less, still along said Lot #1 to a drill hole found at the northerly shoreline of Wheelwright Pond, as shown on said plan; then turning and running along the shore of Wheelwright Pond in a southwesterly and northwesterly direction to a rebar (the survey tie line between the two rebars having a distance of 452.52 feet on a course of N 77° 26' 08" W as shown on the plan); then turning and running S 74° 48' 38" W a distance of one hundred-nineteen and no hundredths (119.00') feet, more or less, to a point; then turning and running N 16° 45' 44" W a distance of two hundred thirty-eight and forty-eight hundredths (238.48') feet, more or less, to a point; then turning and running N 03° 18' 56" W a distance of thirty-two and eighty-eight hundredths (32.88') feet, more or less, to a point; then turning and running N 32° 04' 22" W a distance of sixteen and sixteen hundredths (16.16') feet, more or less, to a point and land now or formerly of the Diller and Ginsberg Revocable Trusts; then turning and running along land now or formerly of the Diller and Ginsberg Revocable Trust the following courses and distances: N 65° 10' 16" E a distance of fifty and no hundredths (50.00') feet, more or less, to a 2" IP; then turning and running N 65° 10' 16" E a distance of three hundred and seventeen and five hundredths (317.05') feet, more or less,

to a rebar; then turning and running N 56° 42' 01" E a distance of two hundred forty-two and sixty-nine hundredths (242.69') feet, more or less, to a rebar; then turning and running N 40° 23' 07" W a distance of thirty-three and sixty-two hundredths (33.62') feet, more or less, to a nail in the 12" maple; then turning and running N 55° 41' 22" W a distance of forty-six and ninety-one hundredths (46.91') feet, more or less, to a point; then turning and running N 62° 39' 24" W a distance of one hundred fifty-two and seventy-five hundredths (152.75') feet, more or less, to a drill hole; then turning and running N 57° 56' 38" W a distance forty-nine and eighty-nine hundredths (49.89') feet, more or less, to a rebar; then turning and running N 69° 55' 11" W a distance of thirty-nine and eighty-seven hundredths (39.87') feet, more or less, to a drill hole; then turning and running N 55° 25' 09" W a distance of one hundred eighteen and eight hundredths (118.08') feet, more or less, to a nail in a 15" dead tree; then turning and running N 37° 09' 01" W a distance of fifty-four and fifty-three hundredths (54.53') feet, more or less, to a drill hole; then turning and running S 83° 23' 18" W a distance of thirty-two and fifty-seven hundredths (32.57') feet, more or less, to a point; then turning and running N 79° 35' 41" W a distance of thirty-four and eleven hundredths (34.11') feet, more or less, to a drill hole in a concrete weir; then turning and running N 24° 26' 44" W a distance of eight and five hundredths (8.05') feet, more or less, to a drill hole in the concrete weir; then turning and running N 59° 42' 09" W a distance of twenty-three and forty hundredths (23.40') feet, more or less, to a point; then turning and running N 68° 42' 41" W a distance of forty-five and sixty-four hundredths (45.64') feet, more or less, to a point; then turning and running N 67° 30' 57" W a distance of thirty-seven and forty-three hundredths (37.43') feet, more or less, to a point and the Southerly side of Steppingstone Road; then turning and running along the southerly side of Steppingstone Road the following courses and distances; S 80° 16' 51" E a distance of five and twenty-six hundredths (5.26') feet, more or less, to a point; then turning and running along a curve to the left having a radius of 275.00 feet, a distance of one hundred twenty-four and ninety-three hundredths (124.93') feet, more or less, to a point; then turning and running N 73° 41' 26" E a distance of one hundred twenty-four and fifty hundredths (124.50') feet, more or less, to a drill hole; then turning and running N 73° 41' 26" E a distance of one hundred twenty-nine and fifty-six hundredths (129.56') feet, more or less, to a drill hole; then turning and running N 75° 51' 47" E a distance of ninety-nine and forty-three hundredths (99.43') feet, more or less, to a drill hole; then turning and running on a curve to the right having a radius of 275.00 feet, a distance of one hundred forty-four and forty hundredths (144.40') feet, more or less, to a drill hole; then turning and running S 78° 42' 19" E a distance of forty-six and four hundredths (46.04') feet, more or less, to a drill hole in a stone wall; then turning and running S 71° 52' 04" E a distance of fifty-seven and eighty-four hundredths (57.84') feet, more or less, to a drill hole; then turning and running S 69° 44' 03" E a distance of seventy-five and nine hundredths (75.09') feet, more or less, to a drill hole; then turning and running S 65° 25' 47" E a distance of one hundred-eighteen and sixty-five hundredths (118.65') feet, more or less, to the point of beginning.

Said Lot#2 being 11.54 acres, more or less, according to said plan.

Subject to the 100-foot Shoreland Conservation and Flood Zone, as shown on Plan 64-32.

Subject to any and all easements, conditions, restrictions, etc, on record at the Strafford County Registry of Deeds and on Plan 64-32.



Conveyance is made subject to current use taxation.

This conveyance is made upon the condition that the Grantee remains in good standing and that the real estate conveyed by this deed continue to be used for its intended purpose. In the event that Veteran Resort-Chapel shall be dissolved and not revived within six (6) months of its dissolution; or if the land ceases to be used for a place for veterans of the United States Armed Forces to live free of charge; or as a place for veterans of the United States Armed Forces to express and practice their religious beliefs, then the real estate conveyed herein shall revert to the Grantors, their heirs, successors or assigns.

Meaning and intending to convey the same premises conveyed to Peter Macdonald and Agnes S. Macdonald by Philip E. Ginsburg, Trustee of the Philip E. Ginsburg Living Trust, by deed dated July 31, 2012 and recorded in the Strafford County Registry of Deeds, Book 4041, Page 141.

This is land only and not homestead property.    Non-Contractual Transfer

This is a transfer to a non-profit corporation for no consideration.

Dated: March 22, 2013

_____          _____
Peter Macdonald                    Agnes S. Macdonald

STATE OF NEW HAMPSHIRE
COUNTY OF STRAFFORD

    Then personally appeared on March 22, 2013 the above-named Peter Macdonald and Agnes S. Macdonald, known to me, or satisfactorily proven, to be the persons named above, and acknowledged the foregoing instrument for the purposes herein contained, as their free act and deed, before me,

_____
Signature
Print Name  Laurie Ann King
Notary Public/Justice of the Peace
My Commission Expires:

LAURIE ANN KING
Justice of the Peace - New Hampshire
My Commission Expires September 19, 2017



# State Of New Hampshire



~~Northern District of Hillsborough~~ STRAFFORD County

~~300 CHESTNUT STREET~~ 259 County Farm Road, Suite 301
~~MANCHESTER, NH 03101-2490~~ Dover, NH 03820

1-855-212-1234

No. 219-2016-CV-00455

## WRIT OF ATTACHMENT AND TRUSTEE PROCESS

| Town of Lee, New Hampshire | V. | Peter MacDonald, Veterans Resort-Chapel |
|---|---|---|
| PLANTIFF | | DEFENDANT |
| 7 Mast Road | | 101 Stepping Stone Road |
| ADDRESS | | ADDRESS |
| Lee, NH 03861 | | Lee, NH 03861 |

TO THE SHERIFF OF ANY COUNTY OR HIS DEPUTY :

WE COMMAND YOU to attach the goods or the estate of Peter MacDonald and/or Veterans Resort-Cha (See attached Order) to the value of $93,447.95----------dollars.

WE ALSO COMMAND YOU to attach the money, goods, chattels, rights, and credits of the Defendant/Respondent in the hands of _____ located at _____ to the value of $ _____ and summon the Defendant/Respondent or Trustee _____, if found in your precinct, to appear at court, within thirty (30) days after service and show cause, if any, why the attachment should not be granted for the judgment which may be recovered by Plaintiff/Petitioner against the principal Defendant/Respondent. You shall also return this writ to the court indicating your actions on page two (2).

This attachment is to secure any judgment or decree the plaintiff/petitioner may obtain in this action.

**Important Notice to Trustee:** The named Trustee(s) shall complete and file the enclosed disclosure of trustee form with the court, the plaintiff and the defendant within thirty (30) days of receipt or suffer the risk of default.

Witness, Tina L. Nadeau, Chief Justice, the ___5th___ day of ___December___ 20_17_.

_W. Michael Scanlon_
Clerk of Superior Court

DONAHUE, TUCKER & CIANDELLA, PLLC

_[signature]_

Date _____

Attorney Sharon Cuddy Somers, Esquire/NHB #253
16 Windsor Lane, Exeter, NH 03833
603-778-0686 / ssomers@dtclawyers.com

10

Case Name: _____

Case Number: _____

**WRIT OF ATTACHMENT & TRUSTEE PROCESS**

## RETURNS OF SERVICE

| Real Estate Attachment |
|---|

___Strafford___ County                                    Date __12/5/17__

I attached all the lands and tenements in the County of ___Strafford___ of the named Defendant/Respondent, __Peter MacDonald Veterans Resort Chapel__, to the extent ordered on page one (1) of this writ, by leaving at the Office of the Registry of Deeds of that County, a true copy of this writ, and of this return endorsed at __2:01__ a.m./p.m.

Fees: Register $ __61.40__         _____
      Service  $ _____         Deputy Sheriff or Person making attachment
      Copy     $ _____
      Travel   $ _____
      Total    $ _____

| Trustee Attachment |
|---|

_____ County                                    Date _____

I attached the money, goods, chattels, rights and credits of the named Defendant/Respondent _____, that were in the hands and possession of _____ to the extent ordered on page one (1) of this writ, and summoned the trustee to appear as commanded by ☐ giving in hand OR ☐ leaving at the abode of _____ an attested copy of this writ. Service was made at _____ a.m./p.m. at the following address:

_____

Fees: Register $ _____         _____
      Service  $ _____         Deputy Sheriff or Person making attachment
      Copy     $ _____
      Travel   $ _____
      Total    $ _____

| Completion of Service |
|---|

_____ County                                    Date _____

I notified the named Defendant/Respondent _____ of the above attachments by ☐ giving in hand OR ☐ leaving at the abode of _____ an attested copy of the writ together with the endorsed return. Service was made at _____ a.m./p.m. at the following address: _____

Fees: Register $ _____         _____
      Service  $ _____         Deputy Sheriff or Person making attachment
      Copy     $ _____
      Travel   $ _____
      Total    $ _____

11

STRAFFORD, SS.   THE STATE OF NEW HAMPSHIRE   SUPERIOR COURT

Veterans Resort-Chapel

v.

Zoning Board of Adjustment
Lee, New Hampshire

 COPY

Case No. 219-2016-CV-00455

### VERIFIED EX PARTE MOTION FOR JUDGMENT LIEN

NOW COMES the Town of Lee ("the Town") by and through its attorneys, Donahue, Tucker & Ciandella, PLLC and respectfully submits this Verified Ex Parte Motion for Judgment Lien. The Town states as follows:

1. In light of this Court's Final Order dated November 13, 2017 ("the Final Order") imposing fines against Veterans Resort-Chapel and Peter MacDonald in the amount of $70,675.00 and attendant attorney's fees, the Town respectfully requests permission to make an ex parte attachment upon property owned by Peter MacDonald and/or the Veterans Resort-Chapel as follows:

| Name of Defendant/ Respondent | Category of Property to be attached (check one) | | Amount of attachment |
|---|---|---|---|
| | Real Estate<br>Provide address or book & page reference.<br>Attach additional pages if necessary | Other | |
| Peter MacDonald | All real estate, improvements and fixtures, wherever located, included but not limited to the property described in a certain Warranty Deed recorded at the Strafford County Registry of Deeds at Book 4041, Page 0141, and the Warranty Deed recorded at Book 4109, Page 0569. | | $93,447.95 |
| Veterans Resort-Chapel | All real estate, improvements and | | $93,447.95 |

DONAHUE, TUCKER & CIANDELLA, PLLC – ATTORNEYS AT LAW
OFFICES IN EXETER, PORTSMOUTH, MEREDITH & CONCORD, NEW HAMPSHIRE – 800-566-0506 – WWW.DTCLAWYERS.COM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Strafford Superior Court
259 County Farm Road, Suite 301
Dover NH 03820

**FOR SERVICE**

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## WRIT OF EXECUTION

Case Name:   Town of Lee v Veterans Resort-Chapel, et al
Case Number: **219-2014-CV-00220**

**TO THE SHERIFF OR DEPUTY OR LAW ENFORCEMENT OFFICER OF ANY COUNTY:**

Town of Lee has recovered judgment against Peter MacDonald; Veterans Resort-Chapel; Veterans Village of NH of 101 Stepping Stones Road Lee, NH 03861 in the amount of $70,675.00 plus costs, including the sheriff's fees for service.

Judgment was recorded in the Strafford Superior Court on February 04, 2015. Execution of this judgment has not yet been satisfied.

**You are ordered** to levy the money, goods, chattels, lands, personal estate, property interest, right or credit of Peter MacDonald; Veterans Resort-Chapel; Veterans Village of NH and pay to Town of Lee the amount stated below with interest.

You must return this writ to the court no later than September 25, 2018 with a record of your actions.

| | |
|---|---:|
| Judgment | $ 70,675.00 |
| Amount previously paid | $ 0.00 |
| Attorney fees | $ 22,136.50 |
| Costs | $ 636.45 |
| Interest | $ 0.00 |
| Total Due | $ 93,447.95 |

Witness, Tina L. Nadeau, Chief Justice
New Hampshire Superior Court

_3/09/2018_
Date

Kimberly T. Myers, Clerk of Court

NHJB-2377-DPS (07/01/2011)

13

# Veteran Resort - Chapel

# Book of Peter

Written: 1980

Reused 2013

---

VRC Born Again Christian Base
Religion That believes God is Universal
Called by many different names
And Prayed to Talked to in many ways
We at the VRC welcome all that believe
as we do

14 13

# IRS

## Church Defined

The term church is found, but not specifically defined, in the Internal Revenue Code. With the exception of the special rules for church audits, the use of the term church also includes conventions and associations of churches as well as integrated auxiliaries of a church.

Certain characteristics are generally attributed to churches. These attributes of a church have been developed by the IRS and by court decisions. They include:

- Distinct legal existence
- Recognized creed and form of worship
- Definite and distinct ecclesiastical government   *Clergy*
- Formal code of doctrine and discipline
- Distinct religious history
- Membership not associated with any other church or denomination
- Organization of ordained ministers
- Ordained ministers selected after completing prescribed courses of study
- Literature of its own
- Established places of worship
- Regular congregations
- Regular religious services
- Sunday schools for the religious instruction of the young
- Schools for the preparation of its members

The IRS generally uses a combination of these characteristics, together with other facts and circumstances, to determine whether an organization is considered a church for federal tax purposes.

Source: Publication 1828, *Tax Guide for Churches and Religious Organizations*.

*Page Last Reviewed or Updated: 24-Aug-2016*

1. Distinct Legal Existence
   Yes we own the property our church is on. Peter Macdonald's Ministers is recorded in the Strafford County Deed of Records Book 1141 Page 631 in 1980

2. Recognized creed and form of worship
   We are a born again Christian church that believes in the Supreme Bein. Any faith of Religion is welcome to use our church but if they want to join our congregation they must believe in our faith

3. Definite and distinct ecclesiastical government
   We have 8 church elders and 5 ruling members of our Board of Directors.

4. Formal Code or doctrine and discipline
   We have a Religious Book or some call the Bible that was originally written in 1980 and has been revised over the years.

5. Distinct religious history
   We started in 1980 were as an Ordained Minister I walked around the streets of NH, Mass, and Maine talking to the homeless. If I found a Homeless Veteran I would buy a McDonald's Happy Meal and coffee and talk to the veteran about God and Man will help if they choose. I continued this to this day but in 2012 my family bought and gave 11 acres of land and built a church on the property as a gift to homeless veterans having a church of their own.

6. Membership not associated with any other church or denomination
   Any and all Veterans are welcome in our church but to join our congregation you have to believe in our faith

7. Organization of Ordained Ministers.
   Our Church has 5 ordained ministers and many Honoree ministers

8. Ordained ministers selected after completing prescribed courses of study.
   To minister at the VRC you must take our introduction classes

9. Literature of its own. The Book of Peter was written in 1980 and revised over the years

10 Established places of worshipWe have a church on property gifted to us at 101 Stepping Stone Rd Lee NH

11. Regular Congregations /We have many members of our church and it is growing every day12

12 Regular services /we have services every day of the week

13 Sunday schools for the religious instruction of the young / we have school every day
14 Schools for the preparation of its members. Our Ministers, child and Preperation is 1.

16

INTERNAL REVENUE SERVICE
P. O. BOX 2508
CINCINNATI, OH 45201

DEPARTMENT OF THE TREASURY

Date: JUN 27 2014

VETERANS RESORT-CHAPEL
C O PETER MACDONALD
101 STEPPING STONE RD
LEE, NH 03824

Employer Identification Number:
  35-2456265
DLN:
  17053143343035
Contact Person:
  CUSTOMER SERVICE         ID# 31954
Contact Telephone Number:
  (877) 829-5500
Accounting Period Ending:
  December 31
Public Charity Status:
  170(b)(1)(A)(vi)
Form 990 Required:
  Yes
Effective Date of Exemption:
  September 19, 2012
Contribution Deductibility:
  Yes
Addendum Applies:
  No

Dear Applicant:

We are pleased to inform you that upon review of your application for tax exempt status we have determined that you are exempt from Federal income tax under section 501(c)(3) of the Internal Revenue Code. Contributions to you are deductible under section 170 of the Code. You are also qualified to receive tax deductible bequests, devises, transfers or gifts under section 2055, 2106 or 2522 of the Code. Because this letter could help resolve any questions regarding your exempt status, you should keep it in your permanent records.

Organizations exempt under section 501(c)(3) of the Code are further classified as either public charities or private foundations. We determined that you are a public charity under the Code section(s) listed in the heading of this letter.

Please see enclosed Publication 4221-PC, Compliance Guide for 501(c)(3) Public Charities, for some helpful information about your responsibilities as an exempt organization.

Sincerely,

Director, Exempt Organizations

Enclosure: Publication 4221-PC

Letter 947





# Corporation Division

Search
By Business Name
By Business ID
By Registered Agent
Annual Report
File Online

Date: 9/13/2012

## Filed Documents
(Annual Report History, View Images, etc.)

### Business Name History

| Name | Name Type |
|---|---|
| Veteran Resort-Chapel | Legal |

### Non-Profit Corporation - Domestic - Information

| | |
|---|---|
| Business ID: | 678141 |
| Status: | Good Standing |
| Entity Creation Date: | 9/13/2012 |
| Principal Office Address: | 100 Stepping Stone Rd<br>Lee NH 03824 |
| Principal Mailing Address: | No Address |
| Expiration Date: | Perpetual |
| Last Annual Report Filed Date: | |
| Last Annual Report Filed: | 0 |

### Registered Agent

| | |
|---|---|
| Agent Name: | |
| Office Address: | No Address |
| Mailing Address: | No Address |

Important Note: The status reflected for each entity on this website only refers to the status of the entity's filing requirements with this office. It does not necessarily reflect the disciplinary status of the entity with any state agency. Requests for disciplinary information should be directed to agencies with licensing or other regulatory authority over the entity.



Privacy Policy | Accessibility Policy | Site Map | Contact Us



