UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Peter MacDonald,

        Plaintiff

v.                                                          Case No. 18-cv-01100-JL

Strafford County Superior Court, *et al.*

        Defendants

## MOTION TO DISMISS

The co-defendants, the Strafford County Superior Court, the Honorable Tina L. Nadeau, and the Honorable Mark E. Howard, respectfully move to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, these co-defendants state as follows:

**I. Standard of Review**

1. "In ruling on a motion to dismiss, whether for lack of jurisdiction or for failure to state a claim, the court must accept the plaintiff's well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor." *Claudomir v. Massachusetts*, 2016 U.S. Dist. LEXIS 15106, at *1-2 (D. Mass. Feb. 8, 2016) (Talwani, J.). "A motion to dismiss based on sovereign immunity is treated as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *Id.* at *2.

2. "To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," requiring the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556 (emphasis supplied)). If a party does not "nudge[ ] [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

3.  On Rule 12(b)(6) motions to dismiss, however, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 677. A plaintiff must state facts in support of "each material element necessary to sustain recovery under some actionable legal theory." *Campagna v. Mass. Dep't. of Envtl. Prot.*, 334 F.3d 150, 155 (1st Cir. 2003). The court should "reject unsupported conclusions or interpretations of law." *Estate of Bennett v. Wainwright*, 548 F.3d 155, 162 (1st Cir. 2008). If the facts alleged, taken as true, fail to state a cognizable claim for relief, the motion to dismiss should be granted. *See Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005).

**II. Allegations In The Complaint**

4.  The plaintiff claims that Judge Nadeau and Judge Howard, along with the Town of Lee, conspired "to use the U.S. Constitution and Laws of the United States of America wrongfully . . . [and] . . . intentionally to discriminate against the religious beliefs (practice) and church of Peter Macdonald with malice and foresight . . . ." ECF Doc. #1 at 1.[1]

---

[1] Though not formally designated as a plaintiff by the caption of the complaint, the body of the complaint suggests that the Veteran Resort-Chapel (Mr. Macdonald's church) may also be a plaintiff in this matter.

5. In support of this claim, the plaintiff alleges the following facts.

6. The plaintiff applied to the zoning board of adjustment ("ZBA") in the Town of Lee to run a church at 101 Stepping Stone Road, Lee, New Hampshire, known as the Veteran Resort-Chapel on property owned by the plaintiff. ECF Doc. #1 at 1, ¶ 1.

7. The ZBA determined that the Veteran Resort-Chapel was "not a church" and denied the building permit. *Id.*

8. The plaintiff appealed the ZBA's decision to the Strafford County Superior Court in case number 219-2016-CV-00455. *See id.*

9. This ZBA case was allegedly "attach[ed]" to another, closed superior court case, case number 219-2014-CV-00220. ECF Doc. #1 at 2, ¶ 2.

10. It appears that in case number 219-2014-CV-00220 the plaintiff had a money judgment issued against him and/or the Veteran Resort-Chapel. *Id.*

11. Judge Howard then allegedly ruled that the Veteran Resort-Chapel "is not a church and that the solo chapels . . . were being used by people of different faiths." *Id.*

12. The plaintiff disagrees with that ruling, believes that his church is helping homeless combat veterans, and believes that the solo chapels play an important role in that process. *Id.*

13. Thereafter, Judge Nadeau allegedly issued a Writ of Execution against the Veteran Resort-Chapel for the Town of Lee. ECF Doc. #1 at 2, ¶ 3. The plaintiff asserts a conspiracy between Judge Nadeau and Judge Howard with respect to this Writ of Execution, but provides no factual allegations establishing it.

14. The plaintiff alleges that Judge Nadeau is a resident of the Town of Lee and is aware that the Town of Lee does not want homeless combat veterans to have a

church in Lee. *Id.*

15. The plaintiff also alleges that Judge Nadeau had a conflict of interest because the plaintiff has known Judge Nadeau since she was a child and also knows Judge Nadeau's father. *Id.*

16. The plaintiff also appears to allege that the misspelling of his name on certain court documents voids those documents. ECF Doc. #1 at 3, ¶¶ 3-4.

17. The plaintiff alleges that Judge Howard denied him a trial by jury in case number 219-2016-CV-00455. ECF Doc. #1 at 3, ¶ 5.

18. The plaintiff alleges that he submitted a bid for property subject to the Writ of Execution against him and/or the Veteran Resort-Chapel that the town auctioneer refused to accept without reading it. ECF Doc. #1 at 3, ¶ 6. If the bid were read and accepted, the plaintiff alleges that the bid would have prevented the property from going to the Town of Lee. *Id.* The plaintiff alleges that Judge Nadeau and Judge Howard were aware of this conduct and refused to stop the auction. *Id.*

19. The plaintiff also alleges that the bid process "alone clears the [Veteran Resort-Chapel] of the Writ of Execution and voids any legal standing the [Town of Lee] has in this case." ECF Doc. #1 at 3, ¶ 7. The plaintiff alleges that Judge Nadeau and Judge Howard "are fully aware of this wrong and continue to allow the [Town of Lee] attorney to represent the high bidder in this." *Id.*

20. The plaintiff alleges that Judge Nadeau and Judge Howard "made decisions against Peter Macdonald with out any evidence to support" those rulings or decisions. ECF Doc. #1 at 4, ¶ 9. He asserts that these decisions represent "wrongful court rulings." *Id.* at 5, Prayer for Relief.

21. The only allegation against the Strafford County Superior Court appears in Prayer For Relief (c) and reads: "Strafford County Superior Court should be made to pay the [Veteran Resort-Chapel] $20 Million Dollars as this court knew of and violated the contract presented in this case from the beginning of the consequences if the [Town of Lee] took this case to court." ECF Doc. #1 at 5, Prayer for Relief (c).

### III. Analysis

**A. Judicial Immunity Bars Plaintiff's Claims Against Judges Nadeau And Howard; § 1983 Also Bars Injunctive Relief Claims Judges Nadeau And Howard.**

22. "The doctrine of judicial immunity protects judges from 'civil liability for any normal and routine judicial act.'" *Di Giambattisa v. McGovern*, 974 F.2d 1329 (Table), 1992 WL 214444, at *1 (1st Cir. Sept. 4, 1992) (quoting *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)).

23. "'Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

24. The allegations contained in complaint reveal that the claims against Judges Nadeau and Howard are barred by judicial immunity.

25. The plaintiff believes that certain judicial decisions issued by Judges Nadeau and Howard in the course of performing their judicial functions (in a ZBA appeal and in issuing a Writ of Execution) were incorrect and wrongful.

26. The superior court is empowered to hear ZBA appeals. RSA 677:4.

27. The superior court is also empowered to issue Writs of Execution. *See* RSA 527:2 ("Executions issued by the superior court may be made returnable at any return day

within six months from date of issuance.").

28. Consequently, the judicial actions taken by superior court Judges Nadeau and Howard were not taken "in the clear absence of all jurisdiction." Because the plaintiff's claims against Judges Nadeau and Howard are based on these judicial actions, those claims are barred by judicial immunity.

29. Additionally, "§ 1983 bars claims for injunctive relief asserted against judges for actions taken in their judicial capacity, 'unless a declaratory decree was violated or declaratory relief was unavailable.'" *Estabrook v. New Hampshire*, Civil No. 18-cv-46-PB, 2018 WL 2392195 at *2 (D.N.H. May 7, 2018), approved by 2018 WL 2392006 (D.N.H. May 25, 2018).

30. There is no indication in the complaint that a declaratory decree has been violated, or that declaratory relief was unavailable. *See id.*

31. Thus, the claims against Judges Nadeau and Howard must also be dismissed to the extent they seek injunctive relief under § 1983.

**B. The *Rooker-Feldman* Doctrine Also Bars The Claims Against Judges Nadeau and Howard and Strafford County Superior Court.**

32. "The *Rooker-Feldman* doctrine holds that, as a general rule, subject to exceptions including the federal courts' habeas corpus jurisdiction, lower federal courts cannot review and reverse prior state judgments." *Estabrook*, Civil No. 18-cv-46-PB, 2018 WL 2392195 at *2.

33. The doctrine divests the federal district court of jurisdiction "over cases brought by parties that lost in state court, complaining of injuries caused by state court judgments rendered before the district court proceedings commenced, and 'inviting district court review and rejection of [the state court's] judgments.'" *Id.* (quoting *Skinner v.*

*Switzer*, 562 U.S. 521, 532 (2011)).

34. "Although res judicata doctrine would often achieve similar effects, *Rooker-Feldman* is at least quasi-jurisdictional, premised on the rule that among federal courts only the U.S. Supreme Court has authority to invalidate state civil judgments." *Id.* (quoting *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003)).

35. In this case, the plaintiff complains about state court judgments adverse to him as a plaintiff. He also alleges that those judgments are final. ECF Doc #1 at 4, ¶ 10 ("That the Judicial Conduct Committee, NH Governor, NH and Federal Attorney General, DOJ, NH legislature and the NH Supreme Court refused to correct these wrongs meaning Peter Macdonald has exhausted all reasonable civilized manners to stop NH from harming Homeless Combat Veterans by government actions to prohibit the free exercise of Peter Macdonald's religious belief."); *see* ECF Doc. #1 at 12.

36. Thus, the plaintiff's claims, which seek an order from this court vacating or otherwise overturning or invalidating the superior court decisions adverse to the plaintiff, must be dismissed under the *Rooker-Feldman* doctrine.

**C. The Monetary Damage Claim Against The Strafford County Superior Court Is Barred By Eleventh Amendment Sovereign Immunity.**

37. Under the Eleventh Amendment of the United States Constitution, "[s]tates and their agencies are entitled to sovereign immunity [in federal court] 'regardless of the relief sought.'" *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 (1st Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

38. The New Hampshire Superior Court is a part of the judicial branch of the State of New Hampshire. RSA 490-A:2 ("The chief justice of the supreme court, with the advice and consent of the chief justice of the superior court in respect to all matters

affecting the superior court, shall be responsible for supervising the efficient operation of all courts in New Hampshire."); RSA 496:1(i) (establishing a superior court location "[f]or the county of Strafford: At Dover").

39. It is therefore entitled to Eleventh Amendment sovereign immunity and cannot sued for money damages in federal district court. Since the plaintiff's claims against Strafford County Superior Court seem to be for monetary damages only, see ECF Doc. #1 at 5, Prayer for Relief (c), those claims are barred by Eleventh Amendment sovereign immunity.

**D. The Claims Against Judges Nadeau and Howard and Strafford County Superior Court Also Fail To State Claims For Relief.**

40. The plaintiff's complaint against Judges Nadeau and Howard seems to allege a conspiracy to violate the plaintiff's constitutional rights or otherwise harm him.

41. The complaint, however, fails to allege facts sufficient to support such a claim.

42. Instead, the complaint contains vague, conclusory allegations of conspiracy, without any specification of the agreement forming the conspiracy. *See Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir 1977) ("Though we are mindful that pro se complaints are to be read generously, *see McDonald v. Hall*, 610 F.2d 16, 17 (1st Cir. 1979), allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory statements.").

43. The allegations contained in the complaint therefore fail to state claims for relief against Judges Nadeau and Howard under Federal Rule of Civil Procedure 12(b)(6).

44. Additionally, there are no factual allegations pled with respect to the Strafford County Superior Court that would support a viable cause of action against it.

Thus, the complaint fails to state a viable claim against that entity under Federal Rule of Civil Procedure 12(b)(6).

**IV. Conclusion.**

45.   The plaintiff's claims against Judges Nadeau and Howard and the Strafford County Superior Court are barred by judicial immunity, Eleventh Amendment sovereign immunity, the *Rooker-Feldman* doctrine, § 1983's prohibition on injunctive relief claims against judges acting in their judicial capacity, and otherwise fail to state claims for relief under Federal Rule of Civil Procedure 12(b)(6).

46.   Accordingly, the plaintiff's claims against Judges Nadeau and Howard and the Strafford County Superior Court should be dismissed.

47.   No memorandum of law is required in support of this motion as all of the relevant legal authority relied upon is cited herein. L.R. 7.1(a)(2).

WHEREFORE, the co-defendants, Judges Nadeau and Howard and the Strafford County Superior Court, respectfully request this Court issue an order:

A.   Dismissing all of the claims against them; and

B.   Granting such further relief as the court may deem just and equitable.

Respectfully submitted,

**JUDGE TINA L. NADEAU, JUDGE MARK E. HOWARD, AND STRAFFORD COUNTY SUPERIOR COURT**

By their attorney,

GORDON J. MACDONALD
ATTORNEY GENERAL

Date: December 24, 2018

/s/ Nancy J. Smith
Nancy J. Smith, NH Bar ID # 9085
Senior Assistant Attorney General
New Hampshire Attorney General's Office
33 Capitol Street
Concord, NH 03301
Phone: (603) 271-3650
nancy.smith@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed this day, postage prepaid, to Peter Macdonald, 465 Packers Falls Road, Lee, NH 03861.

Date: December 24, 2018

/s/ Nancy Smith
Nancy Smith