UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

*************************

| | | |
|---|---|---|
| Peter McDonald | * | |
| | * | |
| v. | * | 18-cv-1100-JL |
| | * | |
| Strafford County Superior Court, et. al. | * | |
| | * | |

*************************

## MOTION TO DISMISS TOWN OF LEE

The Town of Lee moves to dismiss Plaintiff's Complaint against it based on a) the Rooker-Feldman doctrine; b) res judicata and/or collateral estoppel; c) Plaintiff's lack of standing to make claims for Veteran Resort-Chapel ("VRC"); d) improper representation by Peter McDonald of VRC under Fed.R.Civ.P. 17; and e) failure to state claims upon which relief can be granted as to the Americans with Disabilities Act.

1. This litigation grows out of Plaintiff's discontent with the result of protracted state court litigation over enforcement of the local zoning ordinance for property that was formerly owned by the Veterans Resort Chapel ("VRC").

2. Plaintiff, individually and as the moving force or authorized agent for VRC,[1] entered into a stipulation for judgment that required him and VRC to pay money to the Town due to certain conditions on what was then VRC property.

3. As that and other litigation progressed, VRC was ordered to pay the Town attorneys' fees.[2]

4. The Strafford County Superior Court also ordered a Sheriff's sale via Writ of Execution of the VRC property.

5. Plaintiff also filed an appeal in one of the VRC cases to the New Hampshire Supreme Court. That appeal was dismissed.

6. Plaintiff's case is barred by the *Rooker-Feldman* doctrine because Plaintiff is seeking to collaterally attack a state court judgment which VRC lost.

7. Plaintiff's case is barred by res judicata or collateral estoppel for similar reasons, since the case and/or issues were litigated in state court.

8. Plaintiff, Peter McDonald, lacks standing to make claims for VRC or assert the claims of VRC, to the extent those are the claims he seeks to assert.

9. Plaintiff's case should be dismissed because Peter McDonald cannot bring claims for VRC pursuant to Fed. R. Civ. P. 17 as VRC is the real party in interest as to property it owned and McDonald does not otherwise qualify under Rule 17(a)(1)(A-G).

10. Plaintiff fails to state claims upon which relief can be granted because his Complaint sets forth conclusory statements which do not state sufficient factual material to

---

[1] Plaintiff, VRC and Veteran's Village of New Hampshire have been litigants in the various cases involving the Town of Lee and the property in question. Plaintiff, VRC and the VVNH will be collectively referred to as VRC, for brevity, unless noted otherwise.

[2] The Town's attached Memorandum of Law will cite to various documents from the state court record or to Plaintiff's Complaint for the operative facts.

support a plausible claim for relief. Plaintiff fails to state any facts to show any discrimination based on disability.

11. The Town has not sought assent for the relief requested herein because the relief requested is dispositive.

12. The Town has attached a Memorandum of Law with citation to applicable facts and law in support of its position.

Wherefore, the Town requests that the Court dismiss Plaintiff's Complaint.

                              Respectfully submitted

                              Town of Lee

                              By its attorneys

Date: 12/28/18                            /s/ Corey Belobrow_____

                              Corey Belobrow, Esquire
                              Maggiotto,Belobrow, Feeney & Fraas, PLLC
                              58 Pleasant Street
                              Concord, N.H. 03301
                              (603) 225-5152
                              NH Bar #: 534
                              Email: Coreyb@mbff-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been forwarded via first class mail, postage prepaid to Peter MacDonald. A copy has also been delivered to Nancy Smith, Esquire, via email, as the Town understands that Attorney Smith will appear for the Strafford County Superior Court in this matter.

Date:  12/28/18                                       /s/ Corey Belobrow

                                                                                     Corey Belobrow